# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1557 | **DATE** | 9/22/2004 |
| **CASE TITLE** | Maimonis vs. Urbanski et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Catherine's motion (Doc 14-1) to alter or amend our previous judgment and for leave to file an amended complaint are denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | SEP 2 3 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 18 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SCT | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials |

CATHERINE MAIMONIS, )
)
Plaintiff, )
)
vs. ) 04 C 1557
)
PHILLIP URBANSKI, LINDA YONKE, DAVID )
CREECH, JEFFREY HARTMAN, DIANA MUELLER, )
JOEL MORRIS, YORK COMMUNITY HIGH ) SEP 23 2004
SCHOOL, ILLINOIS SCHOOL DISTRICT 205, and )
ELMHURST COMMUNITY UNIT SCHOOL )
DISTRICT NUMBER 205, )
)
Defendants. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motions of *pro se* Plaintiff Catherine Maimonis ("Catherine") to alter or amend judgment and for leave to file an amended complaint. On July 8, 2004, we dismissed Catherine's prior complaint for reasons stated in a memorandum opinion; familiarity with that decision and its rationale is presumed. Because judgment was entered in conjunction with the dismissal, Catherine must ask for relief from the judgment before she can amend her earlier pleading. She has done so pursuant to Fed. R. Civ. Proc. 59(e), within the 10-day time limit specified by the rule. For the reasons set forth below, both motions are denied.

18

## LEGAL STANDARDS

Rule 59(e) relief is obtainable only in a narrow range of situations. Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc., 762 F.2d 557, 561 (7th Cir. 1985). The rule does not afford a party an opportunity to rehash old arguments or to present new ones "that could and should have been presented to the district court prior to the judgment." Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996). Rather, a Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. Federal Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986). Where, as here, a Rule 59(e) motion is filed contemporaneously with a motion to amend under Fed. R. Civ. Proc. 15(a), a court must analyze the former in light of the merits of the latter. Paganis v. Blonstein, 3 F.3d 1067, 1073 (7th Cir. 1993).

Prior to the entry of judgment, Rule 15(a) requires a court to give leave to amend freely where justice requires it. After judgment is entered, by contrast, leave will not be given without a good reason why the amendment should be allowed. Harris v. City of Auburn, 27 F.3d 1284, 1287 (7th Cir. 1994). If a party offers no explanation at all for the delay in presenting the new material, that is sufficient basis for outright denial of the motion for leave to amend. Figgie Int'l Inc. v. Miller, 966 F.2d 1178, 1181 (7th Cir. 1992). With these principles in mind, we turn to Catherine's motions.

## DISCUSSION

As an initial matter, we address the presence of Catherine's father, Dennis Maimonis ("Dennis"), in these proceedings. Dennis has styled himself as Catherine's next friend, implying that she is a minor and thus legally unable to represent her own interests in the instant case. Facts divulged during the proceedings reveal that Catherine was over the age of 18 not only at the time the lawsuit was filed but also during the events alleged within the various complaints. As a result, Catherine is not a minor, and Dennis cannot appear as her next friend. See 755 ILCS 5/11-1. Neither is Dennis an attorney, so his attempted representation of Catherine before this court is improper. The discussion that follows treats Catherine as the sole plaintiff.

### A. Rule 59(e) Motion[1]

Catherine's motion identifies no manifest error of law or fact within our previous treatment of the case. The only basis we can detect for her bringing of this motion is an understanding that it is a predicate for her motion to amend. While this is certainly true, that does not mean that the motion will be granted without a sufficient legal basis.

---

[1] The reply filed in connection with this motion appears to imply that this court granted the Rule 59(e) motion during the parties' last court appearance on August 5, 2004. The minute order issued that day does not reflect any ruling on either motion, and a review of the record reveals that the court stated only that the motions would be entertained, not that either would be granted. As a result, our discussion here is the sole and definitive ruling on the subject.

Because Catherine has not supplied such a basis, we cannot conclude that Rule 59(e) provides an avenue to revisit our earlier dismissal. Moreover, as discussed below, the motion to amend is unmeritorious, so it too does not provide a reason to amend or alter our prior judgment.

**B. Rule 15(a) Motion**

Even if the judgment could be reopened under Rule 59(e), leave to amend is not warranted even before judgment is entered if there has been undue delay in the filing of the proposed changes or if the amendment would be futile because the new pleading could not withstand a motion to dismiss. See Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); Payne v. Churchich, 161 F.3d 1030, 1036–37 (7th Cir. 1998).

To determine whether the delay in filing the amendment is undue, we must examine the changes that Catherine wishes to make. When a party seeks to file an amended complaint, she must contemporaneously provide the proposed amendment. See Twohy v. First Nat'l Bank of Chicago, 758 F.2d 1185, 1197 (7th Cir. 1985). Catherine has actually submitted two amended complaints: one with the initial motion and one in conjunction with her reply. However, her motion offers no rationale for the failure to make the proposed changes prior to the entry of judgment. The first amended complaint is accompanied by a sparse invocation of Rules 15(a) and 59(e) and a statement that Catherine has attempted to draft a complaint that does not suffer the

infirmities that led to dismissal of its predecessor. Her reply brief states that she misunderstood the proceedings that transpired when she first presented her motions, but still absent is any justification for her delay in bringing the additional material contained in her proposed amendments to this court's attention. Catherine seems to point to her status as a *pro se* party to excuse the failure to raise these additions earlier in the proceedings. While we must and do take into account Catherine's lack of legal training by liberally construing her submissions, a *pro se* plaintiff must supply at least understandable allegations to underpin an assertion or claim. See Greer v. Bd. of Ed. of Chicago, 267 F.3d 723, 727 (7th Cir. 2001). In other words, the required forgiveness of technical errors by a *pro se* party does not equate to a pass on substantive soundness of the heart of an argument or theory. Catherine has provided no explanation for her delay, and we consequently are left only with the conclusion that it is undue.

Furthermore, neither amendment cures the problems identified in our prior opinion; the grounds for dismissal of the initial complaint are still present. First, the allegations of the new pleadings still establish that school officials had sufficient grounds to establish a reasonable suspicion that Catherine was in possession of illegal materials on school grounds. The facts added to the amended complaints do nothing to negate the reasonableness of the initial suspicion that led to the request to search

Catherine's purse. In addition, the allegations of the proposed amendments establish that Catherine had two hearings on her suspension: the first between herself and Defendant Urbanski at the time of the search and the second with one or both of her parents present in the office of a school official. First Proposed Amended Complaint, ¶ 26; Second Proposed Amended Complaint, ¶ 44. These allegations rule out the possibility of a claim for violation of procedural due process.

The last significant difference between the amendments and the earlier complaint is the abandonment of claims against the individual school officials in favor of a Monell claim against the school district. The underpinning for this new theory is an allegation that the school engages in a custom and practice of conducting unconstitutional searches and then deliberately concealing any report or record of the event to stonewall any future civil rights actions. The contents of this count (Count I) as well as the timing of its inclusion indicate that it is made solely in response to Defendants' argument that allegations of isolated incidents involving government officials without policymaking authority are insufficient to state a claim for Monell liability. See Rodgers v. Lincoln Towing Serv., Inc., 771 F.2d 194, 202 (7th Cir. 1985). It strains credulity that Catherine made a reasonable inquiry into the presence of evidentiary support for the new allegation as required by Fed. R. Civ. Proc. 11(b) before inserting it in her complaint. Because none of the additional material newly

included in Catherine's amendments would withstand a motion to dismiss, allowing either to be filed would be a futile exercise.

Contrary to Catherine's clearly held belief, it is apparent to this court that she has no cognizable federal claim arising from the events of which she complains. We express no opinion on the viability of the state law claims contained within the new pleadings, but they provide no foundation to permit the filing of an amended federal complaint. Catherine has been thrice unable to state a cognizable federal cause of action. Accordingly, we are convinced that she cannot do so, and we will not entertain any future requests to amend should any arise.

## CONCLUSION

Based on the foregoing analysis, Catherine's motions to alter or amend our previous judgment and for leave to file an amended complaint are denied.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: SEP 2 2 2004